IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No. 07-cv-01173-WYD-BNB

PHONG LE,

    Applicant,

v.

STEVEN HARTLEY, Warden, L.C.F., and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

## ORDER OF DISMISSAL

Applicant Phong Le is a prisoner in the custody of the Colorado Department of Corrections at the Limon Correctional Facility at Limon, Colorado. Mr. Le has filed **pro se** an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging the validity of his Colorado state convictions and sentences. In an order filed on June 18, 2007, I directed Respondents to file an answer to the habeas corpus application. On July 13, 2007, Respondents filed an answer to the show cause order. On July 30, 2007, Mr. Le tendered a traverse to Respondents' answer.

I must construe the application and other papers filed by Mr. Le liberally because he is not represented by an attorney. **See Haines v. Kerner**, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991). However, I should not be an advocate for a **pro se** litigant. **See Hall**, 935 F.2d at 1110. After reviewing the

entire file, I find that an evidentiary hearing is not necessary. For the reasons stated below, the habeas corpus application will be denied.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Mr. Le was convicted by a jury in Denver District Court case number 99CR2324 of solicitation to commit first degree burglary, solicitation to commit aggravated robbery, conspiracy to commit first degree burglary, conspiracy to commit aggravated robbery, second degree burglary, theft, and attempt to influence a public servant. Mr. Le was acquitted on two counts each of aggravated robbery, first-degree murder after deliberation, felony murder, and solicitation of felony murder. The charges arose out of an incident in which Mr. Le and three other individuals broke into the home of Mr. Le's sister-in-law to obtain money and other valuables. Later, two of the individuals, not including Mr. Le, returned to the sister-in-law's home, waited for the sister-in-law to return home, and fatally shot the sister-in-law and her friend and wounded a child.

Mr. Le was sentenced in the aggravated range for all but two of the convictions and his aggregate sentence originally was thirty-six years in prison. The Colorado Court of appeals affirmed the sentence on direct appeal but remanded the case to the trial court with directions to run the sentences for the solicitation and conspiracy convictions concurrently rather than consecutively. **See People v. Phong Le**, 74 P.3d 431 (Colo. Ct. App. 2003). As a result, Mr. Le's aggregate sentence was reduced to twenty-four years in prison. On August 18, 2003, the Colorado Supreme Court denied Mr. Le's petition for writ of certiorari on direct appeal.

Mr. Le also has filed in the trial court a postconviction motion challenging the validity of his convictions and sentences. The trial court denied the postconviction

motion on November 10, 2003. On June 1, 2006, the Colorado Court of Appeals affirmed the denial of the postconviction motion. **See People v. Phong Le**, No. 03CA2466 (Colo. Ct. App. June 1, 2006) ("**Phong Le II**") (not selected for publication). On October 2, 2006, the Colorado Supreme Court denied Mr. Le's petition for writ of certiorari in the postconviction proceedings.

Mr. Le first claims that his Sixth and Fourteenth Amendment rights were violated because his aggravated-range sentences are based on facts not found by the jury and for which he actually was acquitted. Mr. Le's second claim is that there was insufficient evidence to support his convictions for solicitation and conspiracy to commit aggravated robbery. Mr. Le finally claims that counsel was ineffective by failing to request a jury instruction on abandonment with respect to the charges of solicitation and conspiracy to commit aggravated robbery. Respondents concede that the instant action is timely. **See** 28 U.S.C. § 2244(d). Respondents also concede that part of Mr. Le's first claim and his second claim for relief are exhausted.[1] Although Respondents contend that part of Mr. Le's first claim and his third claim are unexhausted and procedurally barred, I need not resolve the exhaustion issues because, for the reasons discussed below, I find that all of Mr. Le's claims lack merit. **See** 28 U.S.C. § 2254(b)(2).

---

[1] Respondents also argue at other points in their answer that all of Mr. Le's first claim for relief, and perhaps his second claim for relief as well, are unexhausted. As a result, it is not entirely clear for which claims Respondents are raising the affirmative defense of exhaustion of state court remedies.

## II.  STANDARD OF REVIEW

Title 28 U.S.C. § 2254(d) provides that a writ of habeas corpus may not be issued with respect to any claim that was adjudicated on the merits in state court unless the state court adjudication:

> (1)  resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)  resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

Claims of legal error and mixed questions of law and fact are reviewed pursuant to 28 U.S.C. § 2254(d)(1).  **See Cook v. McKune**, 323 F.3d 825, 830 (10th Cir. 2003).  The threshold question pursuant to § 2254(d)(1) is whether Mr. Le seeks to apply a rule of law that was clearly established by the Supreme Court at the time his conviction became final.  **See Williams v. Taylor**, 529 U.S. 362, 390 (2000).  Clearly established federal law "refers to the holdings, as opposed to the dicta, of [the Supreme] Court's decisions as of the time of the relevant state-court decision."  **Id**. at 412.  Furthermore,

> clearly established law consists of Supreme Court holdings in cases where the facts are at least closely-related or similar to the case **sub judice**.  Although the legal rule at issue need not have had its genesis in the closely-related or similar factual context, the Supreme Court must have expressly extended the legal rule to that context.

**House v. Hatch**, — F.3d —, 2008 WL 1947027 at *4 (10th Cir. May 3, 2008).

If there is no clearly established federal law, that is the end of my inquiry pursuant to § 2254(d)(1). **See id**. If a clearly established rule of federal law is implicated, I must determine whether the state court's decision was contrary to or an unreasonable application of that clearly established rule of federal law. **See Williams**, 529 U.S. at 404-05.

> A state-court decision is contrary to clearly established federal law if: (a) "the state court applies a rule that contradicts the governing law set forth in Supreme Court cases"; or (b) "the state court confronts a set of facts that are materially indistinguishable from a decision of the Supreme Court and nevertheless arrives at a result different from [that] precedent." **Maynard** [**v. Boone**], 468 F.3d [665,] 669 [(10th Cir. 2006)] (internal quotation marks and brackets omitted) (quoting **Williams**, 529 U.S. at 405). "The word 'contrary' is commonly understood to mean 'diametrically different,' 'opposite in character or nature,' or 'mutually opposed.'" **Williams**, 529 U.S. at 405 (citation omitted).
>
> A state court decision involves an unreasonable application of clearly established federal law when it identifies the correct governing legal rule from Supreme Court cases, but unreasonably applies it to the facts. **Id**. at 407-08. Additionally, we have recognized that an unreasonable application may occur if the state court either unreasonably extends, or unreasonably refuses to extend, a legal principle from Supreme Court precedent to a new context where it should apply.

**House**, 2008 WL 1947027 at *5.

My inquiry pursuant to the "unreasonable application" clause is an objective inquiry. **See Williams**, 529 U.S. at 409-10. "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.

Rather that application must also be unreasonable." *Id*. at 411. "[A] decision is 'objectively unreasonable' when most reasonable jurists exercising their independent judgment would conclude the state court misapplied Supreme Court law." *Maynard*, 468 F.3d at 671. "[O]nly the most serious misapplications of Supreme Court precedent will be a basis for relief under § 2254." *Id*.

Claims of factual error are reviewed pursuant to 28 U.S.C. § 2254(d)(2). *See Romano v. Gibson*, 278 F.3d 1145, 1154 n.4 (10th Cir. 2002). Section 2254(d)(2) allows me to grant a writ of habeas corpus only if the state court decision was based on an unreasonable determination of the facts in light of the evidence presented. Pursuant to § 2254(e)(1), I must presume that the state court's factual determinations are correct and Mr. Le bears the burden of rebutting the presumption by clear and convincing evidence. "The standard is demanding but not insatiable . . . [because] '[d]eference does not by definition preclude relief.'" *Miller-El v. Dretke*, 545 U.S. 231, 240 (2005) (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003)).

Finally, I "owe deference to the state court's *result*, even if its reasoning is not expressly stated." *Aycox v. Lytle*, 196 F.3d 1174, 1177 (10th Cir. 1999). Therefore, I "must uphold the state court's summary decision unless [my] independent review of the record and pertinent federal law persuades [me] that its result contravenes or unreasonably applies clearly established federal law, or is based on an unreasonable determination of the facts in light of the evidence presented." *Id.* at 1178. "[T]his 'independent review' should be distinguished from a full de novo review of the petitioner's claims." *Id.*

## III. MERITS OF THE CLAIMS

<u>Claim One</u>

As noted above, Mr. Le first claims that his Sixth and Fourteenth Amendment rights were violated because his aggravated-range sentences were based on facts not found by the jury and for which he actually was acquitted. Mr. Le specifically asserts that the presumptive range for his convictions is two to six years in prison. However, he maintains that he was sentenced to twelve years in prison on a number of counts, the maximum prison sentence in the aggravated range, based on the trial court's finding that Mr. Le was the initiator of a crime spree that resulted in the deaths of two adults and the shooting of a child. As noted above, Mr. Le was acquitted of the murder charges.

Mr. Le asserts his first claim pursuant to **Apprendi v. New Jersey**, 530 U.S. 466 (2000), and **Blakely v. Washington**, 542 U.S. 296 (2004). In **Apprendi**, the Supreme Court held that, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." **Apprendi**, 530 U.S. at 490. In **Blakely**, the Supreme Court clarified "that the 'statutory maximum' for **Apprendi** purposes is the maximum sentence a judge may impose ***solely on the basis of the facts reflected in the jury verdict or admitted by the defendant***." **Blakely**, 542 U.S. at 303.

I note initially that, to the extent Mr. Le relies on **Blakely**, the claim lacks merit because the rule in **Blakely**, which was decided in 2004, was not clearly established at the time Mr. Le's conviction became final in 2003. Furthermore, the rule in **Blakely**

does not apply retroactively to cases on collateral review. *See United States v. Price*, 400 F.3d 844, 849 (10th Cir. 2005) ("*Blakely* does not apply retroactively to convictions that were final at the time the Court decided *Blakely*.") However, the rule in *Apprendi* was clearly established federal law at the time Mr. Le's conviction became final. Therefore, my review of this first claim is limited to determining whether Mr. Le's sentences in the aggravated range violate the rule in *Apprendi*. *See Allen v. Reed*, 427 F.3d 767, 774 (10th Cir. 2005).

The Colorado Court of Appeals rejected Mr. Le's *Apprendi* claim on direct appeal. The state court determined that the rule in *Apprendi* did not apply to Mr. Le's sentences because the statutory maximum under Colorado law was the maximum term of years in the aggravated range and not just the maximum number of years in the presumptive range. *See Phong Le*, 74 P.3d at 436. The state court based its ruling on *People v. Allen*, 78 P.3d 751 (Colo. Ct. App. 2001). After the United States Supreme Court issued its decision in *Blakely*, the Colorado Supreme Court overruled *Allen* and held that "any additional facts used to aggravate the sentence must be *Blakely*-compliant or *Blakely*-exempt." *See Lopez v. People*, 113 P.3d 713, 726 (Colo. 2005).

Although *Blakely* changed the law, the state court's rejection of Mr. Le's claim challenging his aggravated-range sentences was not contrary to or an unreasonable application of clearly established federal law as it existed under *Apprendi* and prior to *Blakely*. *See Allen*, 427 F.3d at 775 (finding that a maximum, aggravated-range sentence under Colorado law did not violate *Apprendi* because, prior to *Blakely*, "*Apprendi's* statutory maximum permitted sentencing courts to make findings as long

as the sentence ultimately imposed was within the maximum range of the statute of conviction."). Therefore, Mr. Le's first claim lacks merit and must be dismissed.

Claim Two

Mr. Le's second claim is that there was insufficient evidence to support his convictions for solicitation and conspiracy to commit aggravated robbery. Mr. Le concedes that he planned to commit a burglary and that he actually participated in the burglary. However, he contends that he did not participate with the two individuals who returned to his sister-in-law's home to commit a robbery and that he was not involved in the planning of the robbery.

> Here[,] Mr. Le did in fact plan to commit a burglary, and while he talked about the possibility of a robbery weeks before, i.e., the need to obtain money, it was not proven that Mr. Le conspired to commit this particular robbery. In fact, there was only proof that showed he abandoned any further actions when the burglary failed. Hence there is insufficient evidence to sustain his convictions for solicitation and/or conspiracy to commit robbery.

(Applicant's Traverse to Respondents' Answer to Order to Show Cause at 11-12.)

The standard for sufficiency of the evidence, which was clearly established when Mr. Le was convicted, is set forth in **Jackson v. Virginia**, 443 U.S. 307 (1979). In **Jackson**, the Supreme Court held that "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." **Id**. at 319. "This familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable

inferences from basic facts to ultimate facts." *Id*. "Sufficiency of the evidence is a mixed question of law and fact." **Maynard v. Boone**, 468 F.3d 665, 673 (10th Cir. 2006). Therefore, I must apply both § 2254(d)(1) and (d)(2) and "ask whether the facts are correct and whether the law was properly applied to the facts." *Id*.

The Colorado Court of Appeals applied the proper standard in rejecting Mr. Le's insufficient evidence claim. The state court reasoned as follows:

> A person commits solicitation to commit aggravated robbery if he or she attempts to persuade another person to commit aggravated robbery with the intent to promote or facilitate its commission and under circumstances strongly corroborative of that intent. See §§ 18-2-301, 18-4-302, C.R.S. 2005.
>
> A person commits conspiracy to commit aggravated robbery if, with the intent to promote or facilitate its commission, he or she agrees with another person or persons that they will plan to commit aggravated robbery, and performs an overt act in furtherance of the conspiracy. See §§ 18-2-201, 18-4-302, C.R.S. 2005.
>
> Defendant contends the evidence was insufficient to sustain his solicitation and conspiracy convictions because he only discussed plans for a burglary, not a robbery, and took steps to ensure that no one was home at the time of the crime. However, an acquaintance testified that it was defendant's idea to plan a robbery of his sister-in-law. She further testified that she overheard defendant and his friends planning the robbery while they were gathered at her home. Another acquaintance testified that one week before the crime, defendant and one of his friends tried to borrow a gun, which they acknowledged was to be used in a robbery.
>
> While defendant testified at trial and denied both acquaintances' testimony, it is the jury's role to decide questions of witness credibility and the appropriate weight to be given to witness testimony. An appellate court may not

> substitute its judgment for that of the jury and reweigh the evidence or the credibility of witnesses.
>
> Here, the jury could reasonably have concluded that defendant solicited his friends to rob his sister-in-law if it believed the testimony that the robbery was defendant's idea. It could have further concluded that defendant conspired to rob his sister-in-law if it believed the testimony that he and his friends planned the robbery and then tried to obtain a gun to use during that crime.
>
> Viewing the evidence in the light most favorable to the prosecution, we conclude it was sufficient to sustain defendant's convictions for solicitation and conspiracy to commit aggravated robbery.

**Phong Le II**, slip op. at 2-4 (internal citations omitted).

I do not find that the state court's rejection of Mr. Le's insufficient evidence claim was based on an unreasonable determination of the facts in light of the evidence presented. Most importantly, Mr. Le fails to present any evidence, let alone clear and convincing evidence, to rebut the presumption of correctness that attaches to the state court's factual determinations. In fact, Mr. Le concedes that he planned to commit a burglary and that he previously has talked about the possibility of committing a robbery.

The state court's conclusion that there was sufficient evidence to support Mr. Le's convictions for solicitation and conspiracy to commit aggravated robbery also is not contrary to or an unreasonably application of the standard set forth in **Jackson**. The standard in **Jackson** does not require the prosecution to rule out every possible hypothesis except that of the guilt of the defendant. **See Jackson**, 443 U.S. at 326. Therefore, I find that the insufficient evidence claim lacks merit and must be dismissed.

Claim Three

Mr. Le finally claims that counsel was ineffective by failing to request a jury instruction on abandonment with respect to the charges of solicitation and conspiracy to commit aggravated robbery. Mr. Le contends that, because his defense at trial was that he was unaware of and did not participate in the robbery and murder of his sister-in-law and her friend, his attorney should have sought a jury instruction on abandonment.

It was clearly established when Mr. Le was convicted that a defendant has a right to effective assistance of counsel. **See Strickland v. Washington**, 466 U.S. 668 (1984). To establish that counsel was ineffective, Mr. Le must demonstrate both that counsel's performance fell below an objective standard of reasonableness and that counsel's deficient performance resulted in prejudice to his defense. **See id**. at 687-88. "Judicial scrutiny of counsel's performance must be highly deferential." **Id.** at 689. There is a "strong presumption" that counsel's performance falls within the range of "reasonable professional assistance." **Id**. It is the defendant's burden to overcome this presumption by showing that the alleged errors were not sound strategy under the circumstances. **See id.**

Under the prejudice prong, Mr. Le must establish "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." **Id.** at 694.

If Mr. Le fails to satisfy either prong of the **Strickland** test, the ineffective assistance of counsel claim must be dismissed. **See Strickland**, 466 U.S. at 697.

Finally, ineffective assistance of counsel claims are mixed questions of law and fact. *See id.* at 698.

The Colorado Court of Appeals properly applied **Strickland** and rejected Mr. Le's claims that counsel was ineffective. The state court initially determined that Mr. Le's claim that counsel was ineffective by failing to request a jury instruction on abandonment was not properly before that court because Mr. Le did not raise that particular ineffective assistance of counsel claim in the trial court. However, the state court went on to find that,

> even if we were to address defendant's contention that counsel was ineffective for failing to tender an abandonment jury instruction concerning the solicitation offenses . . ., we would likewise conclude that defendant has failed to show prejudice.
>
> First, there was no evidence that defendant persuaded his accomplices not to commit the first degree burglaries or aggravated robberies or otherwise prevented the commission thereof. Hence, the trial court would not have given an abandonment instruction had it been requested.

**Phong Le II**, slip op. at 8-9.

The state court's determination that Mr. Le failed to demonstrate prejudice from counsel's alleged ineffectiveness is neither contrary to nor an unreasonable application of **Strickland**. In addition to the reasons expressed by the state court, Mr. Le's contention that he went home after the burglary and did not participate in the robbery does not negate his guilt for the solicitation and conspiracy offenses. As discussed above in connection with Mr. Le's second claim for relief, there was sufficient evidence

to convict Mr. Le of the solicitation and conspiracy offenses based on his actions prior to the burglary. The mere fact that Mr. Le did not participate in the actual robbery does not support an abandonment instruction with respect to the solicitation and conspiracy offenses. Therefore, I find that counsel was not ineffective for failing to seek an abandonment instruction and Mr. Le did not suffer any prejudice as a result of counsel's failure to seek an abandonment instruction. As a result, the ineffective assistance of counsel claim also must be dismissed. Accordingly, it is

ORDERED that the habeas corpus application is **DENIED** and the action is **DISMISSED WITH PREJUDICE**. It is

FURTHER ORDERED that each party shall bear his own costs and attorney's fees.

Dated: September 15, 2008

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
U. S. District Judge